Gkeen, J.
delivered the opinion, of the court.
From this record it appears, that John Hester, in July, 1831, then of Granville county, North Carolina, executed to John Y. Wilkinson of Person county, North Carolina, a deed of trust, in which he conveyed 150 acres of land in Granville county, and five slaves--Lucy, • Hillman, Daniel, Amy and Gloster, with other property, in trust, that the said John Y. Wilkinson should keep the same in his “care, custody and control,” for the benefit and advantage of Elizabeth Hester, his wife, and her children, during her natural life, and at her death, for the same, and its income, to be equally divided between all the children of said Elizabeth.”
This' deed was duly proved and recorded, and Wilkinson accepted the trust. Wilkinson sold the tract of land and the slave Hillman in North Carolina. Hester and family removed to Giles county Tennessee, bringing with them the other slaves. Subsequently to their removal to Tennessee, Héster contracted debts, and judgments were obtained against him, and the slave Gloster sold to satisfy the same. The statute of limitations is- a bar to any recovery against the purchaser of Gloster, or against the officer by whom he was sold. The trustee appointed his brother, Allen T. Wilkinson, his agent in Tennessee to execute the trusts of the deed, and he has sold a negro'boy, Tom, son of the slave Lucy, to the defendant, Tilman R. Daniel, who still has him in possession.
1. It is alleged by the defendants that Hester was indebted at the time he executed the deed, and that being voluntary fraudulent and void as to existing creditors, it is also void as to subsequent creditors.
■ It is unquestionably the law, that if a party execute a deed to defraud his existing creditors, it will be void as to subsequent, as well as existing creditors. But a voluntary settlement, for the benefit of a wife and children, if fair, at the time, will be good against subsequent creditors of the person making the deed. In this case, although it is stated that *219 Hester was somewhat indebted at tbe time the deed ■ was made, yet it is admittedly the trustee in his answer, that although no express provision is made in the deed for the payment of these debts, it was the understanding and agreement of the parties, that the trustee should pay such existing debts by the sale of so much of the property conveyed as might be necessary for that purpose.
This being the state of the facts, there is no. ground for assuming that any intentional fraud existed in the transaction.
2. The defendants allege that the estate was of a character that its profits were wholly inadequate for the support of the family, and that the trustee was compelled to contract debts and make advances for that purpose;- that the property sold in Tennessee vras disposed of for the payment of debts for necessaries for the family, and that as a court of chancery would have ordered these sales for their support-, this court will now sanction them or allow the trustee for the expended items.
It is .very probable that this estate was not sufficient to support his family from the profits alone. The slaves Were women and children, whose services could not be very profitable; and there is little doubt that the trustee has made advances beyond the income of the property. We think, as the master of the Rolls said in the case of Walker vs. Wetherell, 6 Ves. Jr. 473, “that the objection to an allowance for these ad vanees.on the part of the plaintiffs is rather ungracious.” These complainants would doubtless have'made greater complaint if the trustee had kept them in that situation in which they must have been, if' -maintained upon the profits of their estate alone.
But courts of chancery never permit trustees, of their own authority, to break in upon the capital of the trust estate, and to sanction the expenditure after it has been made, would give a license to trustees that would endanger estates committed to them. The benefieiai’ies in these settlements are usually in a helpless situation, either from infancy or cover-ture, and it is indispensable to the safety of the estate to hold the' trustee to a strict accountability. The land, negroes and other property sold in North Carolina, must be account *220 ed for, allowing the defendant for all disbursements in payment of debts existing at the date of the deed, and for expenditures since that time for the support of the family, not exceeding the income of the estate.
The slave Tom, will be delivered up by the defendant Daniel, and his hire accounted for.
As to the slave Gloster, he was seized and sold by the creditors of John Hester, as his property. This was a wrong in which the trustee had no agency. But the complainants seek to charge him because he failed to bring suit to recover the negro in time to prevent the bar of the statute of limitations.
The defendant lived and still lives in North Carolina, a distance from the place of residence of these beneficiaries.
We think under all the circumstances, to charge him with the value of Gloster, would be an unreasonable exaction.
We are of opinion the decree be affirmed, with the exception of the point, reversed as to Gloster.